UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-60025
Summary Calendar

KHURAM SHAHZAD, also known as
Khuram Diwan Shahzad,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
(A77 754 466)
_____

October 9, 2002

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Khuram Shahzad, a native of Kuwait and citizen of Pakistan, petitions for review of the final order of the Board of Immigration Appeals (BIA) dismissing his appeal from the Immigration Judge (IJ). The IJ: denied Shahzad's application for asylum as untimely; denied withholding of removal under both the Immigration and Nationality Act (INA) and the United Nations Convention Against

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (Convention Against Torture); and denied voluntary departure.

Because Shahzad has not briefed the denial of voluntary departure, that claim is deemed abandoned. *See, e.g.*, **Rodriguez v. INS**, 9 F.3d 408, 414 n.15 (5th Cir. 1993); **Yohey v. Collins**, 985 F.2d 222, 224-25 (5th Cir. 1993).

Shahzad contends his claim for asylum should not have been dismissed for failure to file a timely application. He also contends he has established entitlement to relief for withholding of removal under both the INA and the Convention Against Torture because he established past persecution based on his Christian beliefs and a well-founded fear of being persecuted if returned to Pakistan.

Concerning asylum, the BIA determined: Shahzad failed to file his application within the one-year deadline established by INA § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B); and he failed to meet an exception to application of the deadline. We conclude this court lacks jurisdiction to review the BIA's decision. *See* INA § 208(a)(3), 8 U.S.C. § 1158(a)(3); *see also* **Fahim v. United States Attorney General**, 278 F.3d 1216, 1217 (11th Cir. 2002).

For Shahzad's claims for withholding of removal, we conclude that the BIA's decision is supported by substantial evidence. *See* **INS v. Elias-Zacarias**, 502 U.S. 478, 483-84 (1992); **Mikhael v. INS**,

115 F.3d 299, 302 (5th Cir. 1997).  Further, Shahzad has not shown that his claim under the Convention Against Torture is based on persecution inflicted by or with the consent or acquiescence of public officials.  *See* 8 C.F.R. §§ 208.16(c), 208.18(a)(1).

*DENIED*