**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 5, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-60329
Summary Calendar

———————————————

NABIL BENAMOR BELLAGA,

                                        Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A77 107 998
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Nabil Benamor Bellaga, a citizen of Algeria, petitions for review of an order from the Board of Immigration Appeals ("BIA") summarily affirming the immigration judge's ("IJ") decision to deny his application for asylum, withholding of removal, or for relief under the Convention Against Torture.

    Bellaga argues that the BIA should have reviewed the entire record de novo to determine that the IJ's findings and conclusions were biased and incorrect.  The BIA's summary

------------------------

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

affirmance procedures do not violate due process and nor do they deprive this court of a basis for judicial review, as the IJ's decision is the final agency determination for judicial review. See Soadjede v. Ashcroft, 324 F.3d 830, 832-33 (5th Cir. 2003).

Bellaga argues on appeal that he was a victim of past persecution and that the IJ erred in determining that he was ineligible for asylum. He also asserts that the IJ failed to adjudicate his application for withholding of deportation. Bellaga did not prove a well-founded fear of prosecution, as he did not show that a reasonable person in the same circumstances would fear prosecution if deported. See Mikhael v. INS, 115 F.3d 299, 304 (5th Cir. 1997). Moreover, this court will not review persecution claims that Bellaga first raises in his brief, as he has not exhausted his administrative remedies as to those claims. See Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001); 8 U.S.C. § 1252(d)(1). Although Bellaga based his application in part upon his fear of retaliation by the government for his evasion of the draft and also requested protection under the Convention Against Torture, he does not raise these issues in his brief and they are deemed abandoned. See Rodriquez v. INS, 9 F.3d 408, 414 n.15 (5th Cir. 1993); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Accordingly, Bellaga's petition for review is DENIED.

Bellaga requests that this court restrain the United States from deporting him and stay its mandate to allow the BIA to consider his "marriage case."  The motion is DENIED.

PETITION AND MOTION DENIED.