United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 26, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60588
Summary Calendar

VALENTINA MENGJESI,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A76 596 346

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Valentina Mengjesi, a citizen of Albania, petitions for
review of the Board of Immigration Appeals ("BIA") per curiam
opinion affirming the immigration judge's ("IJ") decision to deny
her application for asylum, withholding of removal, or for relief
under the Convention Against Torture.

Mengjesi argues that the IJ erred in not requiring the
INS to show that the government's acts of persecution are limited
to a clearly delineated geographical area and that the applicant

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

need not fear a likelihood of persecution in other regions of the nation.  Where an applicant does not show past persecution and does not demonstrate that a national government is the persecutor, the applicant bears the burden of showing that the "persecution is not geographically limited in such a way that relocation within the applicant's country of origin would be unreasonable." Lopez-Gomez v. Ashcroft, 263 F.3d 442, 445 (5th Cir. 2001).  Because Mengjesi failed to establish past persecution and did not demonstrate that the government was the persecutor, the IJ was not required to shift the burden to the INS.  See id.

Mengjesi next argues that she was denied due process when the IJ disallowed expert testimony because the expert's curriculum vitae and published articles were not provided to the Government and the court prior to the hearing.  Mengjesi failed to make an initial showing of substantial prejudice to support her due process claim.  See Anwar v. INS, 116 F.3d 140, 144 (5th Cir. 1997).

Mengjesi argues for the first time in this court that the IJ erred by not applying a mixed motives analysis to her asylum claim.  This court will not review claims Mengjesi first raises in her brief, as she has not exhausted her administrative remedies as to those claims.  See Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001); 8 U.S.C. § 1252(d)(1).  Although Mengjesi also requested withholding of deportation and protection under the Convention Against Torture, she does not raise these issues in her brief and they are deemed abandoned.  See Rodriguez v. INS, 9 F.3d

2

408, 414 n.15 (5th Cir. 1993); <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993).

Accordingly, the petition for review is **DENIED**.