United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 17, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

―――――――――――――――

No. 03 - 60614
SUMMARY CALENDAR

―――――――――――――――

OSCAR ROLENDIO ANZUETO-VELIZ,

          Petitioner,

  v.

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

          Respondent.

―――――――――――――――――――――――――――――――――――――――――――――

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 321 975

―――――――――――――――――――――――――――――――――――――――――――――

Before REYNALDO G. GARZA, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

      In this appeal, we review the Board of Immigration Appeals' decision affirming the

immigration judge's denial of Oscar Rolendio Anzueto-Veliz's requests for asylum and

withholding of removal.

      An alien must file an application for asylum within one year of his arrival in the United

States. 8 U.S.C. § 1158(a)(2)(B). Anzueto-Veliz does not challenge the immigration judge's

―――――――――――――――――――――

     [1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

finding that he failed to file his application within one year of his arrival.  Thus, he has waived his claim for asylum.  *See Rodriguez v. INS*, 9 F.3d 408, 414 n.15 (5th Cir. 1993).

We also conclude that the immigration judge's decision denying withholding of removal was supported by substantial evidence.  Anzueto-Veliz alleges that he got into a fight with gang members in Guatemala because he refused to join their gang; however, he admits that he had no further direct contact with any gang members after the initial altercation.  Anzueto-Veliz merely alleges that he left Guatemala because the gang members continued to inquire about his whereabouts after he had moved several times within Guatemala.  Anzueto-Veliz's isolated encounter with gang members did not constitute persecution and was not indicative of the likelihood of future persecution upon his return to Guatemala.  *See Efe v. Aschcroft*, 293 F.3d 899, 906 (5th Cir. 2002); *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).

Anzueto-Veliz's petition for review is therefore denied.