United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 8, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-60850
Summary Calendar

———————————————

SOLEMAN LAKHANI; NAJMA SOLEMAN LAKHANI,

                                        Petitioners,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A93-086-770
BIA No. A77-404-396
--------------------

Before WIENER, DeMOSS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

     Soleman Lakhani and his wife, Najma Soleman Lakhani, both
citizens of India, appeal from the Board of Immigration Appeals'
(BIA) denial of their applications for asylum, withholding of
removal, withholding of removal under the Convention Against
Torture (CAT), cancellation of removal, and voluntary departure.
The Lakhanis also appeal from the BIA's denial of their motion to
remand their applications for cancellation of removal.  Because
the BIA adopted the decision of the immigration judge (IJ), this

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

court has jurisdiction to review the IJ's decision. See Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002).

## Waiver of timeliness of asylum applications and eligibility for cancellation of removal and voluntary departure

The BIA confirmed the IJ's determination that the Lakhanis' asylum applications were untimely filed and that they failed to qualify for any exception to the limitations period. See 8 C.F.R. § 208.4(a)(2); 8 U.S.C. § 1158(a)(2)(B), (D). The Lakhanis have failed to brief the merits of this determination, therefore they have waived the issue on appeal. See Rodriguez v. INS, 9 F.3d 408, 414 n.15 (5th Cir. 1993); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Likewise, the Lakhanis have failed to brief the merits of the IJ's denial of their applications for cancellation of removal and voluntary departure. The BIA affirmed the IJ's determination that the Lakhanis were ineligible for cancellation of removal because their asylum and withholding of removal applications were frivolous, Soleman had a prior conviction for felony credit card abuse, and Najma had failed to demonstrate an exceptional hardship on her children in the event of her removal. The BIA further affirmed the IJ's determination that the Lakhanis failed to establish by clear and convincing evidence their intention to depart the United States. The Lakhanis have waived these issues on appeal. See Rodriguez, 9 F.3d at 414 n.15; Yohey, 985 F.2d at 224-25.

Withholding of removal

The Lakhanis argue that the BIA erred in relying upon the IJ's determination that their asylum and withholding of removal applications were frivolous.  They further contend that the IJ failed to afford them an opportunity to explain their submission of a fraudulent newspaper article in support of their applications.

The IJ's conclusion that the Lakhanis are not eligible for withholding of removal is a factual determination that is reviewed under the substantial evidence standard.  See Efe, 293 F.3d at 906.  Under that standard, this court may not reverse a factual determination unless it finds that the evidence compels a contrary conclusion.  See Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994).  With respect to credibility determinations, "[i]t is the factfinder's duty to make determinations based on the credibility of witnesses."  Id.  This court cannot substitute its judgment for that of the BIA or IJ with respect to witness credibility or ultimate factual findings based on credibility assessments.  Id. "An asylum application is frivolous if any of its material elements is deliberately fabricated."  8 C.F.R. § 208.20.

The IJ's denial of the Lakhanis' applications for withholding of removal, based in part on a lack of credibility and in part on inconsistent documentation, is supported by substantial evidence.  See Efe, 293 F.3d at 906.  Soleman's testimony regarding the nature of his entry into the United

States, the use of aliases, the filing of tax returns, former addresses, number of family members, and former accounts of physical and sexual abuse in India are markedly inconsistent with the responses given on his application for withholding of removal. Similarly, the Lakhanis do not dispute that Najma gave testimony regarding her entry into the United States that was inconsistent with her written application for withholding of removal. Finally, the Lakhanis conceded that they submitted a false newspaper article in support of their assertion that Najma's brother intended to kill them upon their return to India. In contrast to their assertions, the record reflects that the IJ gave the Lakhanis ample opportunity to explain these discrepancies. Based upon the inconsistent testimony given by the Lakhanis, coupled with the fraudulent documentation, the IJ's dismissal of their withholding of removal applications as frivolous is supported by substantial evidence. See Efe, 293, F.3d at 908.

CAT claim

The Lakhanis argue that the BIA erred in failing to grant them relief under the CAT. The Lakhanis contend that the IJ erroneously determined that they were not credible witnesses based on only a few inconsistencies between their written asylum applications and their testimony.

Withholding of removal under the Convention is provided for in 8 C.F.R. § 208.16(c). The CAT provides that "[n]o State Party

shall expel, return . . . or extradite a person to another State where there are substantial grounds for believing that he would be in danger of being subjected to torture." Efe, 293 F.3d at 907 (citation omitted). Torture is the intentional infliction of severe mental or physical pain, by a governmental official, on a victim for the purpose of obtaining information, intimidation, punishment, or discrimination. See 8 C.F.R. § 208.18(a)(1).

The record does not reflect that it is more likely than not that the Lakhanis would be tortured if they were returned to India. The Lakhanis have abandoned their arguments of religious persecution in their brief and, in any event, their account of their inability to practice their religion is inconsistent with their testimony. Similarly, the Lakhanis' fear of threats from Najma's brother fails to meet the definition of torture under the CAT. See 8 C.F.R. § 208.18(a)(1). Accordingly, denial of the Lakanis' CAT claim was proper.

Motion to remand

The Lakhanis argue that the BIA erred in denying their motion to remand their applications for cancellation of removal. They assert that the decision to deny their applications for cancellation of removal was not considered on the merits but solely on the basis of the IJ's erroneous determination that their asylum applications were frivolous.

The BIA applies the same standards to a motion to remand as it does to a motion to reopen, and this court reviews both

motions for abuse of discretion. Ogbemudia v. INS, 988 F.2d 595, 600 (5th Cir. 1993); see INS v. Doherty, 502 U.S. 314, 322-23 (1992). The BIA's decision to reopen a deportation proceeding is discretionary; however, the BIA lacks the authority to reopen deportation proceedings unless the alien alleges new, material facts supported by affidavits or other evidence which establish a prima facie case that the alien is eligible for the relief sought. Bahramnia v. INS, 782 F.2d 1243, 1245 (5th Cir. 1986).

The Lakhanis are mistaken that the IJ rejected their application for cancellation of removal solely on the ground that they had filed frivolous asylum applications. In its denial of their request for cancellation of removal, the IJ also referenced their ineligibility for such relief due to Soleman's prior felony credit card conviction and Najma's failure to establish hardship upon her children. Further, the Lakhanis fail to identify with any specificity the new evidence in support of their motion to remand or to supply supporting affidavits explaining how the evidence is material to their cancellation of removal claim. See Bahramnia, 782 F.2d at 1245. The BIA did not abuse its discretion in denying the Lakanis' motion to reopen. See Ogbemudia, 988 F.2d at 600. For the foregoing reasons, the Lakanis' consolidated petition for review is DENIED.