United States Court of Appeals,

Fifth Circuit.

No. 91-4657.

Raul RODRIGUEZ, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

Dec. 20, 1993.

Petition for Review of an Order of the Immigration and Naturalization Service.

Before JOHNSON, GARWOOD, and WIENER, Circuit Judges.

GARWOOD, Circuit Judge:

Petitioner Raul Rodriguez-Mijes (Rodriguez) seeks review of a Board of Immigration Appeals (BIA) order finding him ineligible for relief from deportation under section 212(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(c). The BIA dismissed his appeal from an immigration judge's denial of relief and order of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We deny the petition for review.

## Facts and Proceeding Below

Rodriguez is a native and citizen of Mexico who has lived continuously in the United States as a permanent resident alien since April 1968. The facts surrounding his deportation order are not in dispute. In April 1988, he was convicted in state court in Bexar County, Texas, of three separate offenses:[1] (1) possession of cocaine; (2) possession of lysergic acid diethylamide (LSD); and (3) possession of a prohibited weapon, a sawed-off shotgun.[2] He received sentences, apparently concurrent, of ten years imprisonment for each offense.

[1]The three offenses were all committed on the same day, November 6, 1987. Each offense was the subject of a separate indictment, based on different provisions of law; each was given a separate cause number. Rodriguez pleaded guilty and was convicted and sentenced in each case on the same day, April 18, 1988, in the same court.

[2]Texas law prohibits the intentional or knowing possession of a short-barrel firearm, which is defined to include a shotgun with a barrel length of less than eighteen inches or an overall length of less than twenty-six inches. Tex.Penal Code Ann. §§ 46.01(10), 46.06(a)(3) (Vernon 1989). The offense is a second degree felony. *Id.,* § 46.06(e).

In August 1989, respondent Immigration and Naturalization Service (INS) issued an order charging that Rodriguez was deportable pursuant to sections 241(a)(11) (relating to drug convictions) and 241(a)(14) (relating to firearms conviction) of the INA, 8 U.S.C. §§ 1251(a)(11) and 1251(a)(14), based on his state court convictions.[3] The order directed him to appear before an immigration judge and show cause why he should not be deported.[4]

At the hearing before the immigration judge, Rodriguez requested an opportunity to apply for a waiver of deportation pursuant to section 212(c) of the INA, 8 U.S.C. § 1182(c). The judge found that he was statutorily ineligible for such relief and ordered him to be deported to Mexico. Rodriguez appealed to the BIA, which agreed with the immigration judge and dismissed the appeal. Rodriguez petitions us for a review of the BIA order.

### Discussion

The issue before us is whether an alien who has been ordered deported on the basis of possession of a prohibited weapon under section 241(a)(14) of the INA, 8 U.S.C. § 1251(a)(14), is eligible for relief from deportation under section 212(c), 8 U.S.C. § 1182(c).[5] Our review of immigration decisions is extremely limited. *Fiallo v. Bell,* 430 U.S. 787, 792, 97 S.Ct. 1473, 1478, 52 L.Ed.2d 50 (1977) (" "the power over aliens is of a political character and therefore subject only

---

[3]Sections 241(a)(11) and 241(a)(14), 8 U.S.C. §§ 1251(a)(11), (14), were amended in 1990 and now appear as sections 241(a)(2)(B)(i) and 241(a)(2)(C), respectively. 8 U.S.C. §§ 1251(a)(2)(B)(i), 1251(a)(2)(C). Pub.L. No. 101-649, § 602(a). References to these sections in this opinion will be to the former version, as the 1990 amendments apply only to deportation proceedings for which notice of a deportation hearing was given on or after March 1, 1991. Rodriguez was given notice on August 24, 1989.

      Previous amendments to section 241(a)(14) in 1988 expanded that section to make possession of a firearm in violation of any law a deportable offense for aliens whose convictions occur on or after November 18, 1988. Pub.L. No. 100-690, § 7348(b). Thus deportable weapons offenses are no longer limited to machine guns and sawed-off shotguns. Rodriguez was convicted in April 1988 and is not affected by this change.

[4]The INS filed an unopposed motion requesting that the transcript of the hearing before the immigration judge not be sent to the BIA. Rodriguez makes no complaint concerning this transcript not being before the BIA or this Court. Rodriguez has been represented by counsel at each stage of his deportation proceedings.

[5]Rodriguez is also subject to deportation under section 241(a)(11), 8 U.S.C. § 1251(a)(11), for his drug convictions. As is discussed below, only the effect of the weapon conviction upon his eligibility to apply for a waiver of deportation is at issue here.

to narrow judicial review' ") (citing *Hampton v. Mow Sun Wong,* 426 U.S. 88, 102, 96 S.Ct. 1895, 1904-1905, 48 L.Ed.2d 495 (1976)).

I. Applicability of Section 212(c) Relief

Section 241(a)(14) of the INA, as in effect at the time of Rodriguez's deportation proceedings, provides that the Attorney General may order deported any alien who

"at any time after entry, shall have been convicted of possessing or carrying in violation of any law any weapon which shoots or is designed to shoot automatically or semi-automatically more than one shot without manual reloading, by a single function of the trigger, or a weapon commonly called a sawed-off shotgun." 8 U.S.C. § 1251(a)(14).

Rodriguez concedes that he is deportable for his conviction of possession of a sawed-off shotgun. He argues only that he should be given the opportunity to apply for relief from deportation under section 212(c) of the INA, 8 U.S.C. § 1182(c). Section 212(c) allows the Attorney General to waive exclusion of aliens who are found to be inadmissible upon certain grounds specified in section 212(a), 8 U.S.C. § 1182(a).[6] Grounds for exclusion include many which are similar to grounds for deportation set forth in section 241, 8 U.S.C. § 1251, such as conviction for drug offenses.[7] There is no provision, however, for exclusion of aliens convicted of weapons offenses.

That Rodriguez may even attempt to apply for deportation relief under section 212(c), which

---

[6]Section 212(c) states that the Attorney General may admit "returning" resident aliens "without regard to the provisions of paragraphs (1)-(25), (30), and (31) of subsection (a) of this section." 8 U.S.C. § 1182(c). The Attorney General has no discretion to waive the exclusion of an alien who is determined to be inadmissible for the grounds set forth in paragraphs (26)-(29), which exclude aliens who lack a passport or visa, who pose a threat to the security of the United States, who are members of suspect organizations, or who may engage in subversive activities.

Section 212(c) was amended in 1990 to reflect concurrent changes in subsection (a). Pub.L. No. 101-649, § 601(d)(1). This amendment is effective for individuals entering the United States on or after June 1, 1991, and is not applicable here.

In addition, a provision was then added to section 212(c), which limits waiver of exclusion for "an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years." 8 U.S.C. § 1182(c) (1993 Supp.). Pub.L. No. 101-649, § 511(a). This amendment likewise does not affect our decision here, as it applies only to admissions occurring after the date of enactment, November 29, 1990.

[7]*See Cabasug v. Immigration and Naturalization Service,* 847 F.2d 1321, 1323-1324 (9th Cir.1988), for an interesting comparison of the grounds for exclusion and deportation.

applies on its face only to excludable aliens,[8] is due to judicial and administrative interpretations of the INA which have expanded section 212(c) to apply to some grounds of deportation. The BIA initially interpreted section 212(c) narrowly to apply only in exclusion proceedings and not in deportation proceedings. *Matter of Arias-Uribe,* 13 I. & N. Dec. 696 (BIA 1971). This interpretation drew a distinction between resident aliens who had temporarily left the United States and were found excludable for some reason upon return and those who had never left the United States and were found to be deportable upon the same grounds.

The Second Circuit found this distinction unconstitutional in *Francis v. Immigration & Naturalization Service,* 532 F.2d 268 (2d Cir.1976). In *Francis,* the petitioner was a resident alien subject to deportation under section 241(a)(11) of the INA, 8 U.S.C. § 1251(a)(11), for conviction of possession of marijuana, which would also be grounds for exclusion. § 212(a)(23) of the INA, 8 U.S.C. § 1182(a)(23).[9] Because section 212(c) relief would be available for an excludable resident alien convicted of possession of marijuana, the Second Circuit held that denial of the same relief to the petitioner there would violate the equal protection clause of the Fifth Amendment. *Francis,* 532 F.2d at 273.

The BIA adopted this interpretation of section 212(c) in *Matter of Silva,* 16 I. & N. Dec. 26 (BIA 1976) (petitioner subject to deportation for conviction of possession of marijuana with intent to distribute allowed to apply for section 212(c) discretionary relief). The BIA did not, however, extend discretionary relief to all grounds for deportation. Instead, the BIA limited this extension of section 212(c) relief to deportable resident aliens whose grounds for deportation are also grounds for exclusion under section 212(a) for which discretionary relief is available under section 212(c). *See Matter of Wadud,* 19 I. & N. Dec. 182 (BIA 1984) (alien subject to deportation under section 241(a)(5) of the INA, 8 U.S.C. § 1251(a)(5), for conviction of aiding and abetting another alien to

---

[8]Section 212(c) applies to "[a]liens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years...." 8 U.S.C. § 1182(c).

[9]Following the 1990 amendments, this provision appears as section 212(a)(2)(A)(i)(II), 8 U.S.C. § 1182(a)(2)(A)(i)(II). Pub.L. No. 101-649, § 601(a). The change affects individuals entering the United States on or after June 1, 1991.

obtain a visa procured by fraud was not entitled to invoke section 212(c) relief because there is no analogous ground of exclusion); *Matter of Granados,* 16 I. & N. Dec. 726 (BIA 1979) (refusing to extend section 212(c) to allow relief from deportation for an alien convicted of possession of an unregistered sawed-off shotgun because such a conviction is not a section 212(a) ground for exclusion nor a crime involving moral turpitude that would render petitioner excludable under section 212(a)(9) of the INA, 8 U.S.C. § 1182(a)(9)), *aff'd,* 624 F.2d 191 (9th Cir.1980).

In 1990, the BIA expanded its interpretation of section 212(c) to include all grounds for deportation, even if not also grounds for exclusion under section 212(a), except for the grounds which are expressly precluded from relief by section 212(c). *Matter of Hernandez-Casillas,* (BIA, January 11, 1990) (*Hernandez I* ). In that case, an alien was convicted of entry without inspection, a deportable offense under section 241(a)(2) of the INA, 8 U.S.C. § 1251(a)(2), but not grounds for exclusion under section 212(a). The BIA withdrew its decisions in *Granados* and *Wadud,* and remanded the case to allow the alien to apply for a section 212(c) waiver.

The Attorney General granted the INS's request for review of the BIA decision, disapproved the decision, and remanded for further proceedings consistent with his decision. *Matter of Hernandez-Casillas,* Int. Dec. Att. Gen. March 18, 1991 (*Hernandez II* ). The Attorney General concluded that the BIA lacked statutory authority to expand section 212(c) relief to grounds of deportation that are not also waivable grounds for exclusion. He stated that the BIA's new interpretation of section 212(c) relief would disrupt the statutory scheme designed by Congress to govern deportation proceedings by allowing an alien to obtain relief under section 212(c) without meeting the standards for relief from deportation set forth in section 244(a)(1) of the INA, 8 U.S.C. § 1254(a)(1).[10]

Courts reviewing the decisions of the BIA have upheld the initial expansion of section 212(c) to grounds for deportation which have corresponding grounds for exclusion, and most courts have

---

[10]In order to be eligible for relief under section 244(a)(1) of the INA, 8 U.S.C. § 1254(a)(1), there must be a showing that the alien is of good moral character and that his deportation would result in extreme hardship. These showings are not required in order to be eligible for relief under section 212(c).

taken positions similar to that of the Attorney General and refused to extend section 212(c) relief to grounds of deportation which are not also grounds for exclusion.

In *Zinnanti v. Immigration & Naturalization Service,* 651 F.2d 420, 422 (5th Cir. Unit A 1981), this Court summarily denied section 212(c) relief to a petitioner convicted of possession of a sawed-off shotgun. In addition, the First and Ninth Circuits have recently addressed this issue and found section 212(c) relief to be unavailable in this situation. *See Campos v. Immigration & Naturalization Service,* 961 F.2d 309 (1st Cir.1992) (agreeing with the reasoning of the Attorney General in *Hernandez II* and holding that an alien who was ordered deported on the basis of a conviction for possession of an unlicensed .22 caliber pistol was not eligible to apply for section 212(c) relief); *Cabasug v. Immigration & Naturalization Service,* 847 F.2d 1321 (9th Cir.1988) (dismissing the petition for review of an alien convicted of possession of a sawed-off shotgun). Finally, the Seventh Circuit has recently held section 212(c) relief to be unavailable to a permanent resident alien found deportable for entering the United States without inspection. *Leal-Rodriguez v. Immigration & Naturalization Service,* 990 F.2d 939, 948-51 (7th Cir.1993).

The 1990 amendments to the INA, which affected sections 212(c) and 241, were made after the Ninth Circuit rendered its decision in *Cabasug* and after the Attorney General agreed to review *Hernandez I.*[11] We must assume that Congress was aware of the interpretation given to section 212(c) to extend only to deportation grounds with analogous waivable grounds for exclusion, and that Congress could easily have legislated a change to this interpretation had it wished to do so.[12]

Rodriguez seeks to distinguish *Campos* and *Cabasug* on the grounds that the petitioners in those cases were subject to deportation solely for their weapons convictions. He claims that because he is also subject to deportation for his drug possession convictions, offenses for which discretionary relief under section 212(c) is available, his weapons offense may not preclude an application for relief

---

[11]As noted above, Rodriguez's deportation proceedings were not affected by these amendments. *See* notes 3 and 6, *supra.*

[12]Although at the time of the 1990 amendments, the Attorney General had not yet disapproved of the BIA's decision in *Hernandez I* allowing section 212(c) relief for all grounds of deportation, the amendments cannot be interpreted as an adoption of the BIA's position. *Campos,* 961 F.2d 309, 315 n. 8.

from deportation. In support of this argument, he cites the original Eleventh Circuit decision in *Marti-Xiques v. Immigration & Naturalization Service,* 713 F.2d 1511 (11th Cir.1983), *vacated,* 724 F.2d 1463 (11th Cir.1984), *decided on other grounds,* 741 F.2d 350 (11th Cir.1984). The petitioner in *Marti-Xiques* was found deportable for entering the United States without inspection and for knowingly aiding another alien to enter. Smuggling aliens is an offense which renders an alien deportable or excludable. Entering without inspection, however, is a ground of deportation only. The Eleventh Circuit allowed the alien to apply for section 212(c) relief on both grounds of deportability, but the court limited its holding to situations where an alien is deportable under two grounds arising out of the same incident, and where the more serious of the grounds for deportation is an enumerated ground for exclusion. This decision was later vacated and the case was decided on other grounds.[13]

Rodriguez contends that the reasoning of the original decision in *Marti-Xiques* should control here because he is deportable under two grounds, one of which may be waived pursuant to section 212(c). We doubt that the panel opinion in *Marti-Xiques* has any validity in this respect. Even if it were good law in certain restricted circumstances, we would not apply it here. The two deportation grounds in *Marti-Xiques* arose out of the same incident and were closely related types of entry offenses, the offense having no counterpart in § 212(a) being a misdemeanor while the other offense, which had a § 212(a) counterpart, was a felony. *Id.,* 713 F.2d at 1515-16. By contrast, Rodriguez's conviction for possession of a sawed-off shotgun is a felony and a distinctly different type of offense than either of his drug convictions and shares no common element with either of them.

We hold that Rodriguez is ineligible to apply for section 212(c) relief because his conviction of possession of a sawed-off shotgun, a ground for deportation, is not also a waivable ground for exclusion under section 212(a). His separate convictions for the drug charges do not mandate a different result.

II. Constitutional Considerations

---

[13]In the later opinion, the court held that *Marti-Xiques* was ineligible for section 212(c) relief because he had not met the seven-year residency requirement.

Rodriguez challenges the denial of an opportunity to apply for a waiver of deportation on due process and equal protection grounds. Although resident aliens are entitled to constitutional protection, *Landon v. Plasencia,* 459 U.S. 21, 103 S.Ct. 321, 74 L.Ed.2d 21 (1982), this protection is limited by Congress's broad powers to control immigration. This Court has recognized Congress's "unbounded power" in the area of immigration. *See Matter of Longstaff,* 716 F.2d 1439, 1442 (5th Cir.1983) (in discussion of exclusion, stating that "Congress can bar aliens from entering the United States for discriminatory and arbitrary reasons, even those that might be condemned as a denial of equal protection or due process if used for purposes other than immigration policy to draw distinctions among people physically present within the borders of the United States.").

Rodriguez contends that the denial of an opportunity to apply for section 212(c) relief deprives him of his constitutional right to due process. This argument has no merit. Rodriguez is not entitled to any process because he is not eligible under the statute to apply for discretionary relief. The denial of the opportunity to present evidence in support of an application would violate his constitutional rights only if he were eligible to apply for relief.

The cases cited by Rodriguez in support of his due process claim are distinguishable. Only one, *Vissian v. Immigration & Naturalization Service,* 548 F.2d 325 (10th Cir.1977), involves a denial of section 212(c) relief. There, the court found that the alien was entitled to present evidence in support of a waiver of deportation because the INS had *mistakenly* concluded that he was ineligible. *Id.* at 329-30. Other cases cited by Rodriguez concern asylum claims rather than section 212(c) relief. *See Shahandeh-Pey v. Immigration & Naturalization Service,* 831 F.2d 1384 (7th Cir.1987); *Arauz v. Rivkind,* 845 F.2d 271 (11th Cir.1988).

Rodriguez claims that allowing some, but not all, deportees to apply for waivers is a violation of equal protection. Specifically, he points to the fact that he is not eligible for waiver of deportation for "mere" possession of a prohibited firearm, while aliens deportable for trafficking in firearms or for use of a firearm in committing a crime, such as armed robbery or murder, may be eligible for relief. Again, we are not persuaded by this argument. Rodriguez is not being treated any differently from other aliens who are deportable upon grounds which have no corresponding grounds for

exclusion. *Campos,* 961 F.2d 309, 316.

Congress is not required to treat all aliens alike; it is only required to give a facially legitimate and bona fide reason for treating them differently. *Fiallo v. Bell,* 430 U.S. at 794-95, 97 S.Ct. at 1479. *See also Cabasug,* 847 F.2d at 1328 ("The equal protection component of the due process clause does not require that all deportable aliens be treated alike, no matter what they have done") (Wallace, J., concurring). Because the challenged statute does not employ a suspect classification or impinge upon fundamental rights, we must uphold it if it is rationally related to a legitimate governmental purpose. *Campos,* 961 F.2d 309, 316. As the Ninth Circuit observed in *Cabasug,*

> "Congress gave special attention to deporting "racketeers,' and saw machine guns and sawed-off shotguns as badges of such individuals. The singling out of the machine gun and sawed-off shotgun offenses in the deportation statute is a reasonable means by which to achieve the legitimate purpose of deporting "racketeers.' ... The treatment for deportation purposes of these firearms offenses is a rational means to achieve the legitimate purpose of deterring possession of the forbidden weapons by aliens." 847 F.2d at 1327.

Although the expansion of the interpretation of section 212(c) to allow relief from some grounds of deportation, an interpretation begun in *Francis* for equal protection reasons, has resulted in confusing and arbitrary distinctions between deportable aliens, such as those pointed out by Rodriguez, we cannot conclude that these distinctions render the statute unconstitutional. Further, it is the role of Congress, not of the courts, to rewrite the statute to correct these problems. *Campos,* 961 F.2d 309, 317.

III. Applicability of Deportation Relief Provisions

Counsel for Rodriguez made reference during oral argument to the statutory provisions for relief from deportation, INA sections 244 and 245, 8 U.S.C. §§ 1254 and 1255. It appears from the record before us that these grounds for relief were not asserted below. Because Rodriguez failed to raise this issue before the BIA, he has not exhausted his administrative remedies, and we have no jurisdiction to consider these grounds.[14] *Campos-Guardado v. Immigration & Naturalization*

---

[14]Even were we to address this issue, however, we would find that Rodriguez is not eligible for relief under this provision. Section 244(a)(2) gives the Attorney General discretionary power to suspend the deportation of an alien who "has been physically present in the United States for a continuous period of not less than ten years immediately following the commission of an act, or the assumption of a status, constituting a ground for deportation...." 8 U.S.C. § 1254(a)(2). Because Rodriguez's convictions which were the basis for his deportation order occurred in 1988

*Service,* 809 F.2d 285, 291 (5th Cir.1987).[15]

## Conclusion

We hold that Rodriguez is not eligible for relief from deportation. Because we find no error in the decision of the BIA, the petition for review is

DENIED.

---

(and the underlying offenses in 1987), he has not met this time requirement.

Section 245(a), 8 U.S.C. § 1255(a), is inapplicable because it does not provide relief from deportation. This subsection provides that the Attorney General may, in his discretion, adjust the status of an alien to that of a permanent resident alien if the applicant meets certain admissibility requirements. Rodriguez was granted permanent resident status in 1968.

[15]Moreover, grounds for reversal not set forth in a petitioner's (or appellant's) opening brief in this Court are normally waived. *See, e.g., United States v. Miller,* 952 F.2d 866, 874 (5th Cir.), *cert. denied,* --- U.S. ----, 112 S.Ct. 3029, 120 L.Ed.2d 900 (1992).