IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-60290
Summary Calendar
_____

GUSTAVO LLERENAS-CEBALLOS,
Petitioner,

versus

IMMIGRATION AND NATURALIZATION SERVICE,
Respondent.

_____

Petition for Review of an Order
of the Board of Immigration Appeals
(A34 011 098)
_____

December 20, 1995

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM[*]:

Petitioner Gustavo Llerenas-Ceballos ("Llerenas-Ceballos") petitions for review of the final order of the Board of Immigration Appeals dismissing his appeal from the Immigration Judge's order of deportation. We affirm.

FACTS AND PROCEDURAL HISTORY

Llerenas-Ceballos, a thirty-eight year old Mexican citizen, was admitted to the United States as a lawful permanent resident in

_____

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion should not be published.

1973. He pleaded guilty and was convicted in federal court of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 864, 841(a)(1). On April 10, 1989, he was sentenced to serve 151 months imprisonment and five years of supervised release. Llerenas-Ceballos has remained in federal prison since his sentencing.

In 1992 Llerenas-Ceballos requested transfer to a Mexican prison pursuant to the United States-Mexico Prisoner Transfer Treaty. His request was denied on December 23, 1992 by the Criminal Division of the U.S. Department of Justice based on his "substantial ties to the U.S." Respondent Immigration and Naturalization Service ("INS") issued a detainer against Llerenas-Ceballos on December 10, 1993.

On December 16, 1993, the INS issued an Order to Show Cause charging Llerenas-Ceballos with deportability under 8 U.S.C. § 1251(a)(2)(A)(iii) and (a)(2)(B)(i), for having been convicted of an aggravated felony and a controlled substance violation. After a hearing was conducted before an Immigration Judge ("IJ") on November 14, 1994, the IJ found Llerenas-Ceballos deportable. The IJ further found Llerenas-Ceballos ineligible for a waiver of deportation under § 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c), because he had been convicted of an aggravated felony, for which he had been incarcerated for over five years. The Board of Immigration Appeals ("BIA") affirmed the decision of the IJ, finding that Llerenas-Ceballos's deportability had been established, and that he was ineligible for relief from

deportation, and dismissed the appeal.

STANDARD OF REVIEW

The issue in the instant case is whether Llerenas-Ceballos is statutorily ineligible for a waiver of deportation under 8 U.S.C. § 1182(c) because he had served more than five years in prison for his aggravated felony conviction prior to the IJ's consideration of his case in deportation proceedings. The BIA found that the statute barred Llerenas-Ceballos from applying for a waiver of deportation as mandated by Congress when it enacted the aggravated felony bar. Our review of the BIA's decision is very limited. *Rodriguez v. I.N.S.*, 9 F.3d 408, 410 (5th Cir. 1993) (internal citations omitted). We must give deference to the BIA's interpretation of immigration statutes unless there exists compelling indications that the BIA's interpretation is incorrect. *Campos-Guardado v. I.N.S.*, 809 F.2d 285, 289 (5th Cir.), *cert. denied*, 484 U.S. 826, 108 S.Ct. 92, 98 L.Ed.2d 53 (1987) (citing *Guevara Flores v. I.N.S.*, 786 F.2d 1242, 1250 n.8 (5th Cir. 1986), *cert. denied*, 480 U.S. 930, 107 S.Ct. 1565, 94 L.Ed.2d 757 (1987)).

DUE PROCESS

Llerenas-Ceballos contends that the INS denied him due process by not proceeding with his deportation proceedings until after he became ineligible for a waiver of deportation due to having served five years in prison. We find Llerenas-Ceballos was not denied due process because he is not eligible to apply for a waiver. Indeed, "he is not entitled to any process because he is not eligible under

3

the statute to apply for discretionary relief." *Rodriguez*, 9 F.3d at 413. The language of § 1182(c) clearly precludes eligibility for relief to Llerenas-Ceballos, as it plainly states that the discretionary waiver "shall not apply to an alien who has been convicted of one or more aggravated felonies and has served a term of at least five years." 8 U.S.C. § 1182(c). Once Llerenas-Ceballos was imprisoned for five years, he became ineligible for a waiver of deportation.

EQUAL PROTECTION

Llerenas-Ceballos next contends that the INS denied him equal protection by its uneven enforcement of 8 U.S.C. § 1182(c). He argues that § 1182(c) creates two classes of convicted aliens: those who are brought before the IJ before they have served five years on their sentences, and thus <u>can</u> apply for a waiver of deportation and; those, like Llerenas-Ceballos, who do not have the opportunity to appear before the IJ until after they have served five years or more, and thus <u>cannot</u> apply. "Congress is not required to treat all aliens alike; it is only required to give a facially legitimate and bona fide reason for treating them differently." *Rodriguez*, 9 F.3d at 414 (citing *Fiallo v. Bell*, 430 U.S. 787, 794-95, 97 S.Ct. 1473, 52 L.Ed.2d 50 (1977)). Congress enacted the aggravated felony bar in § 1182(c) to deny relief to those aliens who commit serious crimes and who serve five years in prison, representing a legitimate exercise of Congress' authority to "expel or exclude aliens" who have egregiously violated the hospitality of the United States, and who pose a danger to the

4

community. *Fiallo*, 430 U.S. at 792. Even if, as Llerenas-Ceballos argues, the timing of the commencement of deportation proceedings creates two classes of aliens under the statute, we find, as did the BIA, that Congress has mandated such a result.

ESTOPPEL

Alternatively, Llerenas-Ceballos contends that the INS and the Immigration Court should be estopped from denying the IJ jurisdiction to address the merits of his claim of waiver from deportation due to the INS's conduct in delaying the initiation of his deportation proceedings. In support of his contention, Llerenas-Ceballos argues that the INS failed to act expeditiously in initiating his deportation proceedings, and failed to advise him that he would lose his right to apply for a waiver after five years of incarceration. He claims that he has made a *prima facie* showing of his eligibility for a waiver due to his hardship and rehabilitation, and the Department of Justice's recognition of his "substantial ties to the U.S." in denying his request for transfer to Mexico.

"[T]o state a cause of action for estoppel against the government, a private party must allege more than mere negligence, delay, inaction, or failure to follow and internal agency guideline." *Fano v. O'Neill*, 806 F.2d 1262, 1265 (5th Cir. 1987). This "affirmative misconduct" cannot be proven by a showing of mere delay. *See I.N.S. v. Miranda*, 459 U.S. 14, 18-19, 103 S.Ct. 281, 74 L.Ed.2d 12 (1982). Llerenas-Ceballos has offered no evidence that tending to show that he was targeted or singled-out in any way

5

by the INS, nor has he offered evidence that any immigration official engaged in misconduct. We find no conduct by the INS or the Immigration Court that can even arguably be characterized as affirmative misconduct. Thus, we decline to consider Llerenas-Ceballos's estoppel claim.

## CONCLUSION

For the reasons articulated above, the final order of the Board of Immigration Appeals is AFFIRMED.