United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 27, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60143
Summary Calendar

CAIXIA GUAN,

Petitioner,

versus

JOHN ASHCROFT, U.S.
ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 534 250
--------------------

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Caixia Guan, a native and citizen of the People's Republic of China, petitions the court for review of the Board of Immigration's (BIA) decision affirming the Immigration Judge's (IJ) final order of removal and denying Guan's application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guan has failed to brief the IJ's determination that she is ineligible for asylum, thus that claim is abandoned.  See Rodriguez v. INS, 9 F.3d 408, 414 n.15 (5th Cir. 1993).

Guan argues that the IJ abused his discretion my making findings that were not supported by substantial evidence in the record.  She contends that the IJ's credibility findings were arbitrary and that the IJ drew negative inferences that were not supported by the record.

[A] credibility determination may not be overturned unless the record compels it."  Lopez De Jesus v. INS, 312 F.3d 155, 161 (5th Cir. 2002); 8 U.S.C. § 1252(b)(4)(B).  However, adverse credibility findings must be "supported by specific cogent reasons."  Gao v. Ashcroft, 299 F.3d 266, 276 (3d Cir. 2002). The court "will not automatically yield to the IJ's conclusions when they are drawn from insufficient or incomplete evidence." Lin v. Ashcroft, 385 F.3d 748, 751 (7th Cir. 2004).

Virtually all of the credibility findings and factual conclusions of the IJ are not supported by the substantial evidence in the record.  The findings reflect that the IJ did not closely read Guan's written statement and that he did not consider the information in the country reports.  Although Guan addressed details of her physical mistreatment in her testimony that were not contained in her written statement, her testimony was not inconsistent with the statement.  The IJ engaged in unsupported speculation in reaching several of his conclusions.

Because the majority of the IJ's findings were not supported by substantial evidence in the record, his conclusions regarding the existence of Guan's past persecution and the possibility of her future persecution or torture if she is returned to China cannot be affirmed.  See Gao, 299 F.3d at 279; Lin, 385 F.3d at 756-57.   The IJ should reconsider the credibility of Guan's testimony and written statement and the submitted country reports.  The petition for review is GRANTED, and the case is REMANDED to the BIA, with leave to further remand to the IJ for a redetermination of Guan's claims for withholding of removal and withholding under CAT.

PETITION FOR REVIEW GRANTED; CASE REMANDED TO THE BIA FOR FURTHER CONSIDERATION.