United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60280
Summary Calendar

_____

SASA JANKOVIC,

                              Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                              Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 196 592
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Sasa Jankovic, a citizen of Serbia and Montenegro, petitions for review of an order of the Board of Immigration Appeals (BIA or Board) dismissing his appeal of the Immigration Judge's (IJ) decision to deny his application for asylum and withholding of removal under the Immigration and Nationality Act (INA) as well as the Convention Against Torture (CAT). Jankovic also appeals from the BIA's denial of his motion to remand for an adjustment of status based on his marriage to a United States citizen. We DENY the petition for review.

------------------------

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jankovic has failed to brief the merits of the IJ's denial of his application for withholding of removal. Therefore he has waived this issue on appeal. See Rodriquez v. INS, 9 F.3d 408, 414 n.15 (5th Cir. 1993).

This court will uphold the factual findings that an alien is not eligible for asylum or withholding of removal based on CAT if those findings are supported by substantial evidence. Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002). The substantial-evidence standard requires that the decision be based on the evidence presented and that the decision be substantially reasonable. Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996). The BIA's decision is supported by substantial evidence, and the record does not compel a contrary conclusion as to either Jankovic's asylum claim or his CAT claim.

Jankovic contends that he should be permitted to adjust his status (to lawful permanent resident) as a result of his marriage to a United States citizen. Jankovic asserts that the Board erred by denying his motion for remand on the grounds that (1) he failed to establish that the marriage was bona fide, and (2) that he is inadmissible under INA § 212(a)(6)(C)(ii); 8 U.S.C. § 1182(a)(6)(C)(ii). Such an adjustment of status is available, at the discretion of the Attorney General, "if (1) the alien makes an application for such adjustment [on INS Form I-485], (2) the alien is eligible to receive an immigration visa and is admissible to the United States for permanent residence, and

(3) an immigrant visa is immediately available to [the alien] at the time his [I-485] application is filed."  INA § 245(a), 8 U.S.C. § 1255(a); see Obitz v. INS, 623 F.2d 1331, 1331-33 (9th Cir. 1980).

The Board denied Jankovic's motion to remand based on his marriage to a United States citizen.  This court applies the abuse-of-discretion standard in reviewing the Board's denial of a motion to remand.  Ogbemudia v. INS, 988 F.2d 595, 600 (5th Cir. 1993).  This court does not need to decide whether the Board's rulings on the first two grounds are correct, because Jankovic admittedly failed to qualify for the adjustment under the third statutory requirement.

Jankovic fails to meet the third requirement because only "[a]n approved [INS Form I-130 petition] filed by the spouse satisfies the requirement that a visa is immediately available." Agyeman v. INS, 296 F.3d 871, 878 (9th Cir. 2002).  The Supreme Court so held, by necessary implication, in INS v. Miranda, 459 U.S. 14, 15-19 (1982).  Jankovic has conceded that his wife's I-130 petition was only pending at the time he filed his motion to remand.

Jankovic's petition for review is DENIED.