United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 25, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60389
Summary Calendar

EDUART MUSTAFA,

Petitioner,

versus

ALBERTO R. GONZALEZ, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 218 798

Before GARWOOD, JOLLY and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Eduart Mustafa is a native and citizen of Albania. The Immigration and Naturalization Service (INS) began removal proceedings against Mustafa in January of 2000, contending that he was subject to removal under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States without having been admitted or paroled. Mustafa conceded removability on this ground, but applied

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for asylum under 8 U.S.C. § 1158(a), withholding of removal under 8 U.S.C. § 1231(b)(3), and withholding of removal under the United Nations Convention Against Torture (CAT). The basis of his application was fear of persecution by the Albanian government because of his association with the Balli Kombetar Party. The Immigration Judge (IJ) denied this relief on June 24, 2002 and this decision was summarily affirmed by the Board of Immigration Appeals (BIA) on November 10, 2003. Mustafa did not appeal to this court.

He did, however, file a motion with the BIA on December 30, 2003 asking that his case be reopened. Mustafa asserted a new factual basis (arising after the IJ hearing) for asylum, withholding of removal under 8 U.S.C. § 1231(b)(3), and withholding of removal under the CAT. He alleged in an affidavit that he was afraid of being killed in Albania by a man named Bill Belini (Belini). Mustafa stated that he worked for Belini in the United States. Mustafa further alleged that the United States government arrested Belini and issued a material witness warrant for Edmund Demiraj, who is Mustafa's cousin and brother-in-law as well as a former employee of Belini. Mustafa does not specify in his motion to reopen the nature of the charges against Belini. According to Mustafa, Belini violated the terms of his bond and fled to his native Albania where he abducted and shot Demiraj, who, for reasons Mustafa does not explain, was also in Albania. Demiraj returned to the United States illegally but was granted asylum and withholding

2

of removal by an IJ in Texas on the basis of his fear of being killed by Belini.  Mustafa contends that Belini will try to kill him too if he is removed to Albania because Belini has announced his intention to retaliate against Demiraj's family.

On April 6, 2004, the BIA denied Mustafa's motion to reopen on the ground that he failed under 8 C.F.R. § 1003.2(c) to introduce evidence sufficient to establish that he would not be protected from Belini by the Albanian authorities and he had not met his burden of showing that he had new evidence that "would likely change the result in the case" if it were reopened.  On May 4, 2004, Mustafa appealed to this court from the BIA's April 6, 2004 decision denying his motion to reopen.

Reopening a concluded immigration proceeding is strongly disfavored and Mustafa bears a considerable burden.  *INS v. Abudu*, 108 S. Ct. 904, 913-914 (1988).  We apply a highly deferential abuse of discretion standard to a denial of a motion to reopen. *Lara v. E.M. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000).  We will affirm a decision of the BIA "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach."  *Osuchukwu v. INS*, 744 F.2d 1136, 1141-42 (5th Cir. 1984); *see also INS v. Doherty*, 112 S. Ct. 719, 724 (1992) (stating that the authority to reopen is regulatory, not statutory, and the "regulation with which we deal

3

here, [8 C.F.R. § 1003.2(c)], is couched solely in negative terms; it requires that under certain circumstances a motion to reopen be denied, but does not specify the conditions under which it shall be granted[.]").

To prevail on his claim for asylum, Mustafa would have to prove that is unwilling to return to Albania because of "a well-founded fear of persecution...on account of race, religion, nationality, membership in a particular social group, or political opinion[.]" 8 C.F.R. § 1208.13(b)(2); 8 U.S.C. § 1101(a)(42) (defining "refugee"). Though persecution generally refers to malfeasance by authorities, the BIA does recognize that persecution can occur at the hands of private persons when the government is wholly unable or unwilling to intervene. *Abdebisi v. INS*, 952 F.2d 910, 913-14 (5th Cir. 1992). At minimum, therefore, Mustafa would have to prove in a new hearing that the Albanian government would not or could not protect him from Belini.[1]

Mustafa's motion to reopen was required to supply affidavits or other evidentiary material that he intended to use in a new hearing. *Guevara v. INS*, 786 F.2d 1242, 1247 (5th Cir. 1986); 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(c)(1). In its decision not to reopen his case, the BIA specifically found that Mustafa had not adduced evidence likely to demonstrate that the Albanian

---

[1] This assumes *arguendo* that Mustafa is being persecuted by Belini because he is a member of Demiraj's family and that Demiraj's family is a cognizable social group.

4

authorities would not or could not protect him from Belini.  This conclusion was not arbitrary.  The material submitted by Mustafa does not establish who Belini is or give any reason to suppose that he is operating with impunity outside Albanian law.  Though the various documents describe a troubling pattern of human rights abuses and systemic corruption in Albania, this does not establish that a man named Bill Belini is free to shoot Mustafa on the basis of a vendetta he has against the latter's cousin, Edmund Demiraj.  In failing to furnish any credible evidence that Belini operates outside the law with the acquiescence of the Albanian government, Mustafa has failed to make out a *prima facie* case for asylum.  It is well-settled that a deficiency in this respect is a proper basis for denying a motion to reopen.[2]  *Doherty*, 112 S. Ct. at 725 (citing *Abudu*, *supra*); *Pritchett v. INS*, 993 F.2d 80, 83 (5th Cir. 1993).

Mustafa did not brief the withholding of removal issue under either 8 U.S.C. § 1231(b)(3) or the CAT, and such claims are accordingly waived.  *Rodriguez v. INS*, 9 F.3d 408, 414 n. 15 (5th Cir. 1993).  In any case, the standard for withholding of removal under 8 U.S.C. § 1231(b)(3) is a "clear probability" of

---

[2] The Attorney General in fact retains the authority under the immigration regulations to deny a motion to reopen even when the petitioner has set forth a *prima facie* case.  8 C.F.R. § 1003.2(a).  It follows *a fortiori* that the Attorney General is also free to deny a motion when the petitioner has failed to make even this basic showing.

5

persecution, which is a more demanding evidentiary standard than that applied to an asylum petition. *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). This standard also applies to the CAT. 8 C.F.R. § 1208.16(c). The failure of Mustafa's asylum petition is, therefore, fatal to his claims for withholding of removal under either 8 U.S.C. § 1231(b)(3) or the CAT.

The decision of the BIA is

AFFIRMED.