United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60805
Summary Calendar
_____

CARLOS ALBERTO LOZANO HERNANDEZ,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96 085 281
--------------------

Before DAVIS, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Carlos Alberto Lozano Hernandez (Lozano) petitions for review of the Board of Immigration Appeals' (BIA's) decision denying his requests for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).  He also asks that his voluntary departure period be either reinstated or extended.

First, we lack jurisdiction to review the Lozano's asylum claim because the BIA adopted the immigration judge's conclusion that the application was time-barred.  See 8 U.S.C. § 1158(a)(3).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

With regard to Lozano's eligibility for withholding of removal, even if we were to assume arguendo that Lozano suffered past persecution, the facts relied on by the immigration judge rebutted the presumption of future persecution; Lozano was able to relocate to different areas of Colombia to avoid reprisal from the Revolutionary Armed Forces of Colombia (FARC). See 8 C.F.R. § 1208.16(b)(1)(i)(B). Lozano does not challenge the immigration judge's finding in this regard and has therefore waived its review. See Rodriquez v. INS, 9 F.3d 408, 414 n.15 (5th Cir. 1993). In light of the foregoing, the evidence does not compel a finding that he is entitled to withholding of removal. See Efe v. Ashcroft, 293 F.3d 899, 906 (5th Cir. 2002).

Similarly, the determination that Lozano is not entitled to relief under the CAT is supported by substantial evidence. See Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 353 (5th Cir. 2002). Again, even if we were to assume arguendo that Lozano was physically tortured by FARC, the evidence does not support a determination that the Colombian government or public officials sanctioned that abuse, which is necessary to establish eligibility for CAT relief. See 8 C.F.R. § 208.18(a)(1). Finally, we decline Lozano's request to reinstate or extend the period of voluntary departure. Cf. Bocova v. Gonzales, 412 F.3d 257, 266 (1st Cir. 2005).

PETITION DISMISSED IN PART AND DENIED IN PART.