United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 15, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60745
Summary Calendar

ELGAR DAVID FLORES-LINARES,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 663 642
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Elgar David Flores-Linares (Flores) petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the decision of the immigration judge (IJ) to deny his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Flores was smuggled from Guatemala into the United States and then was kidnaped by his smugglers. He cooperated with law enforcement authorities after he was kidnaped by providing testimony against the smugglers.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The IJ determined that Flores had not established that he had a well-founded fear of persecution on account of his race, religion, nationality, membership in any particular social group, or his political opinion. The IJ also determined that Flores had not established that the smugglers he testified against posed a nationwide threat. The IJ found that it would be reasonable for Flores to relocate within Guatemala. The BIA affirmed the result of the IJ's decision without opinion, thereby making the IJ's decision the final agency determination. See 8 C.F.R. § 1003.1(e)(4).

Flores contends that the IJ erred in his finding that he could avoid future persecution by relocating to another part of Guatemala. Flores notes that Guatemala is a small country, and he argues that it would not be reasonable to expect him to relocate because he is only 17 years of age. He contends that his only family members live in Guatemala City.

Flores did not show past persecution and did not demonstrate that the national government was the persecutor. It was therefore his burden to show that the persecution was not geographically limited in such a way that relocation within his country of origin would be unreasonable. See Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001).

The record evidence in this case indicates that Flores testified against a group of smugglers who were based in Mexico or in the United States, rather than in Guatemala. Flores has pointed

to no evidence indicating that this group poses a nationwide threat in Guatemala. The record also reflects that, aside from his immediate family, Flores has close relatives in Guatemala, including aunts and uncles.

In view of the above, the IJ's determinations regarding Flores's ability to safely relocate within Guatemala are supported by substantial evidence, and Flores has failed to meet his burden to show that the evidence compels a conclusion contrary to that reached by the IJ. Accordingly, we will not disturb the denial of asylum. See Zhao v. Gonzales, 404 F.3d 295, 306 (5th Cir. 2005); Mikhael v. INS, 115 F.3d 299, 304-06 (5th Cir. 1997). We do not reach Flores's argument that, as a member of the group of smuggled Guatemalans who have provided testimony against their smugglers, he is subject to persecution on account of his membership in a particular social group.

Flores has waived any issue concerning his claim for withholding of removal and his claim for relief under the CAT by failing to brief them. See Rodriquez v. INS, 9 F.3d 408, 414 n.15 (5th Cir. 1993).

Flores's petition for review is DENIED.