**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 23, 2007**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60036
Summary Calendar
_____

AGNES TANYINOW ARREY,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96 081 343
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges

PER CURIAM:[*]

Agnes Tanyinow Arrey petitions for review of the decision of
the Board of Immigration Appeals (BIA) affirming the decision of
the immigration judge (IJ) that denied her application for
asylum, withholding of deportation, and relief under the
Convention against Torture (CAT).  Arrey does not challenge the
determination that her asylum application was untimely, and she
has waived any challenge to this issue.  See Rodriguez v. INS,
9 F.3d 408, 414 n.15 (5th Cir. 1993).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Arrey does challenge the adverse credibility determination that rendered her ineligible for withholding of removal and relief under the CAT. "Credibility determinations are given great deference. . . . [We] cannot replace the Board or IJ's determinations concerning witness credibility or ultimate factual findings based on credibility determinations with [our] own determinations." Efe v. Ashcroft, 293 F.3d 899, 905 (5th Cir. 2002). To prevail, Arrey must show that the evidence compels a contrary finding. See Chun v. INS, 40 F.3d 76, 79 (5th Cir. 1994).

Arrey contends that the IJ improperly focused on discrepancies in her name that were easily explained, that the IJ made erroneous factual findings based on misunderstandings of her testimony, that her failure to include parts of her story in her asylum application should not be held against her, and that the IJ should have given more weight to her documentary evidence. Arrey has not shown that the evidence presented compels a conclusion on credibility that is contrary to the one reached by the IJ. See Chun, 40 F.3d at 79. Accordingly, we may not reverse the IJ's finding. See id.

PETITION DENIED.