United States Court of Appeals
Fifth Circuit

**F I L E D**

May 31, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60641
Summary Calendar

_____

ANA ELIZABETH CABRERA-BENAVIDEZ, also known as Ana Elizabeth
Cabrera,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 996 317
---------------------

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:*

    Ana Elizabeth Cabrera-Benavidez, a native and citizen of

Guatemala, petitions for review of the June 9, 2006, order of the

Board of Immigration Appeals (BIA) denying her motions to

reconsider and reopen an order issued by the BIA on March 28,

2006.  The earlier order affirmed the immigration judge's

determination that Cabrera was not eligible for cancellation of

removal, and it granted Cabrera a 60-day voluntary departure

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

period, which expired during the pendency of the motion for reconsideration.

Cabrera argues that the voluntary departure period was automatically tolled upon the filing of her motion to reconsider. She requests that her case be remanded to the BIA, that the voluntary departure period be reinstated, and that she be allowed to depart under an order of voluntary departure.

This court has rejected the argument that the voluntary departure period is automatically tolled during the pendency of a motion to reopen. See Banda-Ortiz v. Gonzales, 445 F.3d 387, 389-91 (5th Cir. 2006), cert. denied, 127 S. Ct. 1874 (Mar 26, 2007) (No. 06-477). Cabrera acknowledges the decision in Banda-Ortiz, but she argues that it was incorrect as matter of law, seeking to preserve the issue for further review. However, a panel of this court may not overrule precedent set by another panel, absent an intervening en banc decision of this court or a Supreme Court decision. See Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Cabrera's argument fails under Banda-Ortiz. See 445 F.3d at 389-91.

Cabrera additionally argues that the BIA abused its discretion by not ruling on her request to toll the voluntary departure period. However, the applicable statutory and regulatory provisions, as well as Banda-Ortiz, make clear that the BIA was without authority to extend the voluntary departure period beyond the 60 days already granted. See 8 U.S.C.

§ 1229c(b); 8 C.F.R. § 1240.26(f).  Accordingly, the BIA's implicit denial of the request to toll the voluntary departure period was not an abuse of its discretion.

Accordingly, Cabrera's petition for review is DENIED.