United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 31, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 06-60643
Summary Calendar

———————————————

JUSTINO ORTIZ,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75 379 818
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:*

    Justino Ortiz, a native and citizen of Mexico, petitions for
review of the June 13, 2006, order of the Board of Immigration
Appeals (BIA) denying his motion for reconsideration of an order
issued by the BIA on April 5, 2006.  The earlier order affirmed
the immigration judge's determination that Ortiz was not eligible
for cancellation of removal, and it granted Ortiz a 60-day
voluntary departure period, which expired during the pendency of
the motion for reconsideration.

————————————————

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Ortiz argues that the voluntary departure period was automatically tolled upon the filing of his motion to reconsider. He requests that his case be remanded to the BIA, that the voluntary departure period be reinstated, and that he be allowed to depart under an order of voluntary departure.

Ortiz's argument that his motion for reconsideration automatically tolled his voluntary-departure period is without merit. See Banda-Ortiz v. Gonzales, 445 F.3d 387, 389-91 (5th Cir. 2006), cert. denied, 127 S. Ct. 1874 (2007). Ortiz acknowledges the decision in Banda-Ortiz, but he argues that it was incorrect as matter of law, seeking to preserve the issue for further review. However, a panel of this court may not overrule precedent set by another panel, absent an intervening en banc decision of this court or a Supreme Court decision. See Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999).

Ortiz's brief contains no argument directed to the BIA's denial of his motion for reconsideration of the BIA's prior decision affirming the immigration judge's determination that Ortiz was ineligible for cancellation of removal. That issue is therefore waived. See Rodriquez v. INS, 9 F.3d 408, 414 n.15 (5th Cir. 1993).

Accordingly, Ortiz's petition for review is DENIED. The respondent's motion for summary affirmance, or alternatively, to extend the time to file a brief, is DENIED as moot.