# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 11, 2007

No. 06-60738
Summary Calendar

Charles R. Fulbruge III
Clerk

ABDUL RASHID KHAN

Petitioner

v.

ALBERTO R GONZALES, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 006 111

Before HIGGINBOTHAM, STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Abdul Rashid Khan petitions for review of the order of the Board of Immigration Appeals (BIA) affirming the decision of the Immigration Judge (IJ) that denied his application for asylum, withholding of removal, and relief under the Convention Against Torture Act (CAT). Khan specifically waives his asylum claim by stating that he does not contest the finding that he was ineligible for asylum. Khan also waives any challenge to the denial of his withholding of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

removal claim by failing to properly brief the issue. See Rodriguez v. INS, 9 F.3d 408, 414 n. 15 (5th Cir. 1993); See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

As to his CAT claim, Khan argues that the BIA erred in affirming the decision of the IJ on the issue of credibility. This court gives great deference to a factfinder's decisions concerning an alien's credibility. Efe v. Ashcroft, 293 F.3d 899, 905 (5th Cir. 2002). This court does not substitute its own judgment for that of the BIA or IJ with respect to witness credibility or ultimate factual findings based on credibility determinations. Id. When an IJ's credibility determination is based on a "reasonable interpretation of the record and therefore supported by substantial evidence," it will be upheld. Chun v. INS, 40 F.3d 76, 79 (5th Cir. 2002). The IJ's credibility determination may not be overturned unless the record compels it. Id.

Notwithstanding Khan's arguments to the contrary, the BIA did not err in affirming the IJ's adverse credibility determinations. The inconsistencies in the Khan's testimony show that the credibility determinations were a reasonable interpretation of the record and therefore supported by substantial evidence. See Chun, 40 F.3d at 79. The opposite conclusion, that Khan was credible, is not compelled by the evidence. Id. Accordingly, the BIA did not err in denying Khan relief under the CAT.

PETITION DENIED.