# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 26, 2010

No. 09-60707
Summary Calendar

Lyle W. Cayce
Clerk

GUO YUE HUANG,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A073 535 458

Before GARWOOD, DENNIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Guo Yue Huang petitions for review of an order of the Board of
Immigration Appeals (BIA) affirming the decision of the immigration judge (IJ)
denying his application for asylum, withholding of removal, and relief under the
Convention Against Torture (CAT).  We review an immigration court's rulings
of law de novo and its findings of fact to determine if they are supported by
substantial evidence in the record. *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir.
2007).  The substantial evidence standard of review requires that we "defer to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the BIA's factual findings unless the evidence is so compelling that no reasonable fact finder could fail to find otherwise." *Mikhael v. INS*, 115 F.3d 299, 304 (5th Cir. 1997).

Huang argues that the BIA erred in its determination that he did not demonstrate past persecution on account of his political opinion in connection with his arrest following his participation in a some ten to twenty person 1994 event commemorating the Tianenmen Square protest. Due to his participation in the event, Huang was questioned and held in handcuffs for two hours, and authorities later came to his home seeking to arrest him. Without more, this is insufficient to demonstrate past persecution. *See Abdel-Masieh v. INS*, 73 F.3d 579, 584 (5th Cir. 1996). Because Huang has not presented evidence so compelling that no reasonable factfinder could fail to find otherwise, we will not disturb the BIA's finding regarding past persecution. *See Mikhael*, 115 F.3d at 304.

Huang also contends that the BIA erred in its determination that he had not established a well-founded fear of future persecution based on the birth of his two children in the United States, in violation of the family planning laws of the People's Republic of China (PRC). He argues that the IJ and the BIA erred by relying solely on written documents regarding country conditions in the PRC and not considering the evidence that supported his claim. Huang also asserts that the IJ and the BIA improperly speculated as to the validity of a written notification from the village family planning office. The BIA is not required to "address evidentiary minutiae or write any lengthy exegesis, [but] its decision must reflect meaningful consideration of the relevant substantial evidence supporting the alien's claims." *Abdel-Masieh*, 73 F.3d at 585. The record reflects that the BIA took into account the fine imposed by the village birth control planning authority but determined that this financial sanction did not rise to the level of persecution. We have stated that the harm or suffering needed to constitute persecution "need not be physical, but may take other forms, such as

the deliberate imposition of severe economic disadvantage or the deprivation of liberty, food, housing, employment or other essentials of life." *Abdel-Masieh*, 73 F.3d at 583. Huang has not shown that the fine meets the standard to establish persecution. *See id.*

The record also reflects that the BIA took into account the written notification to Huang's mother from the birth planning committee in Huang's village to the effect that Huang was required to report for sterilization. The BIA, however, gave that unsigned document "minimal weight" because it had not been authenticated and because it had been obtained for the purpose of litigation. In reviewing for substantial evidence, "[our] task is not to reweigh the evidence but only to determine whether there is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gibson v. Federal Trade Comm'n*, 682 F.2d 554, 571 (5th Cir. 1982) (internal quotations and citations omitted); *see Sidabutar v. Gonzales*, 503 F.3d 1116, 1125 (10th Cir. 2007).

The BIA noted that in *In re J-W-S-*, 24 I&N Dec. 185 (BIA 2007), it had considered many of the same documents submitted by Huang and had rejected a claim similar to Huang's claim. In *J-W-S-*, the BIA observed that "central government policy prohibits physical coercion to compel persons to submit to family planning enforcement." *Id.* at 193. Discussing the family planning regime in Fujian Province, which is at issue here, the BIA noted that enforcement efforts had been described as "lax" or "uneven." *Id.* (quotation marks omitted). The BIA determined in *J-W-S* that "[a]t most, the evidence contained in the record of proceedings suggests that the applicant and his wife may face 'sanctions and penalties' upon returning to China because of the births of their United States citizen children." *Id.* at 194. The BIA concluded that "[t]he evidence . . . fails to establish that any sanctions imposed on parents of foreign-born children would rise to the level of persecution." *Id.*

Our review shows that similar evidence is within the record in this matter. Accordingly, we conclude that the BIA's determination that Huang failed to establish an entitlement to asylum is supported by substantial evidence. *See Mikhael*, 115 F.3d at 304; *see also Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (upholding denial of asylum and withholding based in part on the determination that "foreign-born children, and that couples returning to China with more children than they would have been permitted at home are 'at worst, given modest fines.'"). Because Huang failed to meet the standard for asylum, he also does not meet the more stringent standard that is required for withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). Huang has waived his claim for relief under the Convention Against Torture by failing to brief it. *See Rodriguez v. INS*, 9 F.3d 408, 414 n.15 (5th Cir. 1993).

Huang also contends that his due process rights were violated because the IJ was not a neutral fact finder. Although the absence of a neutral arbiter can be the basis for a due process claim, *Wang v. Holder*, 569 F.3d 531, 540 (5th Cir. 2009), Huang has not demonstrated such a violation. Our review shows that the IJ frequently interjected with questions of Huang, but she did not prevent Huang from presenting his case. No evident bias or partiality is reflected. Huang complains about the IJ's questioning and her remarks, but he has not provided record citations to (or quoted or otherwise specifically described) any specific instances in which the IJ allegedly showed bias or partiality, and he has not indicated that his counsel objected to any of the IJ's questioning. "It is commonplace in bench trials for judges to ask questions, and we will not transmute such a commonplace occurrence into a due process violation without considerably more than [Huang] has demonstrated here." *Id.* at 541.

Huang's petition for review is DENIED.