**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 23, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60487
Summary Calendar

ADRIATIK SERJANI,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of a Decision of
the Board of Immigration Appeals
BIA No. A79 047 976
--------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

    Adriatik Serjani appeals from the decision of the Board of
Immigration Appeals (BIA) upholding the decision of the
immigration judge (IJ) denying his application for asylum,
withholding of removal, and relief under the Convention Against
Torture (CAT).  Serjani does not brief the BIA's denial of relief
under the CAT.  Accordingly, Serjani has waived the claim.  See
Rodriquez v. INS, 9 F.3d 408, 414 n.15 (5th Cir. 1993).

--------------------

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Serjani argues that the BIA's determination that he was not entitled to asylum and to withholding of removal was not supported by substantial evidence. He relies on testimony that he suffered a beating at the hands of a gang of Muslim youths in 1993. Because Serjani has failed to show that the evidence is so compelling that no reasonable factfinder could conclude against the BIA's determination that he is not entitled to asylum, we must affirm that finding. See Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996). As Serjani has not made the showing required to obtain asylum, he has not met the more demanding standard for withholding of removal. See Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002).

The Respondent's motion for summary affirmance in lieu of filing a brief, or, in the alternative, to reset the time for filing a brief, is DENIED.

PETITION DENIED; RESPONDENT'S MOTION DENIED.