**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 6, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60843
Summary Calendar

GABRIEL ANTONIO SALAZAR-TRIVINO; MARIA DELPILAR
ORTIZ LA ROTTA; GABRIEL N. SALAZAR ORTIZ; ADRIANA D.
SALAZAR ORTIZ; MARIA ALEXANDRA SALAZAR ORTIZ,

                                        Petitioners,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 512 420
BIA No. A79 512 421
BIA No. A79 512 422
BIA No. A79 512 423
BIA No. A79 512 424
--------------------

Before JONES, WIENER, AND DEMOSS, Circuit Judges.

PER CURIAM:[*]

     Petitioners Gabriel Antonio Salazar-Trivino, his wife, and his

three minor children (collectively, "Petitioners,") all natives and

citizens of Colombia, petition for review of an order from the

Board of Immigration Appeals, affirming, without opinion, the

immigration judge's (IJ) denial of an application for asylum,

withholding of removal, and relief under the Convention Against

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Torture ("CAT").  Petitioners claim that the BIA violated its own regulations by affirming the IJ's decision without opinion.  As we have reviewed the IJ's decision and found no error, this argument is unavailing.  See Garcia-Melendez v. Ashcroft, 351 F.3d 657, 662-63 (5th Cir. 2003).

Petitions also contend that the IJ erroneously concluded that Salazar was not credible and erroneously failed to find persecution and a well-founded fear of persecution on account of political opinion.  Petitioners' cursory argument challenging the credibility determination is conclusional, fails to cite to the record, and is inadequately briefed.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987); FED. R. APP. P. 28(a)(9).  Further, we conclude from our review of the record that the IJ's decision denying relief is supported by substantial evidence and that the record evidence does not compel a contrary conclusion.  See Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994).  Petitioners have not briefed separate claims for relief under the CAT, so those claims are deemed abandoned.  See Rodriguez v. INS, 9 F.3d 408, 414 n.15 (5th Cir. 1993); Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994).

Finally, Petitioners insist that the requirement of INA § 240B(b), 8 U.S.C. § 1229c(b), that an alien be present in the United States for at least one year to be eligible for post-hearing voluntary removal, violates equal protection.  We agree with the

Government that one rational basis for the statute is to permit aliens with at least one year's presence in the United States to settle their affairs before departing because such aliens are more likely to have accumulated sufficient interests to warrant the time afforded by voluntary departure. See <u>Tovar-Landin v. Ashcroft</u>, 361 F.3d 1164, 1167 (9th Cir. 2004); <u>Rodriguez v. INS</u>, 9 F.3d 408, 414 (5th Cir. 1993).

PETITION DENIED.