United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 7, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-60910
Summary Calendar

———————————

HERMANUS DANIEL VAN DER WESTHUIZEN; MARIA ELIZABETH VAN DER
WESTHUIZEN; HERMANUS JOHANNES VAN DER WESTHUIZEN; JACOLIZE
VAN DER WESTHUIZEN; FOURIE MATHYS VAN DER WESTHUIZEN,

Petitioners,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96 272 031
BIA No. A96 272 032
BIA No. A96 272 033
BIA No. A96 272 034
BIA No. A96 272 035
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Hermanus Daniel Van Der Westhuizen, his wife Maria, and his
three children, Hermanus, Jacolize, and Fourie, petition this court
to review the decision of the Board of Immigration Appeals ("BIA")
denying relief on their application for asylum and withholding of
removal. The Van Der Westhuizens have not briefed the BIA's denial
of relief under the Convention Against Torture, and that claim is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

deemed abandoned.  See <u>Rodriquez v. INS</u>, 9 F.3d 408, 414 n.15 (5th Cir. 1993); <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993).

As to the asylum application, the Van Der Westhuizens challenge the BIA's determination that their application was untimely under 8 U.S.C. § 1158(a)(2).  This court lacks jurisdiction to review the BIA's determination that the asylum application was untimely.  8 U.S.C. § 1158(a)(3).

The Van Der Westhuizens argue that the BIA erred in denying their application for withholding of removal.  The BIA's determination is supported by substantial evidence, and the record does not compel a conclusion contrary to the BIA's finding that the Van Der Westhuizens have not met their burden to establish an entitlement to withholding of removal.  <u>See</u> <u>Efe v. Ashcroft</u>, 293 F.3d 899, 906 (5th Cir. 2002); 8 C.F.R.§ 208.16(b).

The petition for review is **DENIED**.