United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-60760
Summary Calendar

PABLO VERA; NORMA L. DUARTE PRADO;
JUAN PABLO VERA DUARTE,

Petitioners,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 355 181
BIA No. A78 355 182
BIA No. A78 355 183

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Pablo Vera, his wife Norma Duarte Prado, and his son Juan Pablo Vera Duarte, natives and citizens of Colombia, petition for review of the order of the Board of Immigration Appeals dismissing their appeal from the immigration judge's decision denying their application for asylum and withholding of removal and for relief under the Convention Against Torture (CAT). The petitioners do *not*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

specifically challenge the denial of relief insofar as they sought withholding of removal or relief under the CAT. Therefore, these claims are deemed abandoned. *See* **Rodriguez v. INS**, 9 F.3d 408, 414 n.15 (5th Cir. 1993). Accordingly, we will review only the denial of the application for asylum.

The finding that an alien is not eligible for asylum will be upheld if it is supported by substantial evidence. **Chun v. INS**, 40 F.3d 76, 78 (5th Cir. 1994). The substantial-evidence standard requires that the agency decision be based on the record evidence and that the decision be substantially reasonable. **Carbajal-Gonzalez v. INS**, 78 F.3d 194, 197 (5th Cir. 1996). Under this standard, the agency's determination will be affirmed "unless the evidence compels a contrary conclusion". **Id.**

Vera is not only a citizen of Colombia, but also a dual national of Poland, as his mother was born there. As a result, the BIA concluded that the petitioners did not qualify as "refugees" under 8 U.S.C. § 1101(a)(42)(A) because their status as nationals of Poland allowed them to seek protection there. The petitioners do not dispute that Vera is a dual national of Poland and Colombia. Instead, they now claim the statutory definition of "refugee" did not require them to show they would face persecution in all of the countries in which they were nationals. As the Attorney General correctly contends, we lack jurisdiction to review this claim because it was *not* exhausted before the BIA. *See* **Wang v. Ashcroft**,

260 F.3d 448, 452-53 (5th Cir. 2001); *Goonsuwan v. Ashcroft*, 252 F.3d 383, 387 (5th Cir. 2001).

The petitioners also claim: the statutory definition of "refugee" is unconstitutionally void for vagueness; and the application of this provision violated their due-process and equal-protection rights. Such claims may be raised for the first time in a petition for review. *See Nehme v. INS*, 252 F.3d 415, 422 (5th Cir. 2001).

The petitioners assert their due-process rights were violated because the BIA should have been required to determine whether they may be properly removed to Poland. The petitioners have not shown, however, that they were substantially prejudiced by the procedure applied. *See Anwar v. INS*, 116 F.3d 140, 144 (5th Cir. 1997).

The petitioners maintain their equal-protection rights were violated because stateless aliens, who allegedly are similarly situated to them, are entitled to a determination of their eligibility for asylum under the "safe third country" exception to the asylum requirements, under 8 U.S.C. § 1158(a)(2)(A). The petitioners, who apparently have an unfettered right to travel to Poland, have not shown they are similarly situated to stateless aliens. *See City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). In any event, there is a rational basis for the distinction between the petitioners and stateless aliens: Unlike the former, the latter have no second country of nationality

to which to turn.  *See* ***Madriz-Alvarado v. Ashcroft***, 383 F.3d 321, 332 (5th Cir. 2004).

As for the third new claim, the statutory definition of "refugee" in 8 U.S.C. § 1101(a)(42)(A) is not void for vagueness simply because it does not explicitly address whether a dual national must demonstrate past persecution, or a well-founded fear thereof, in multiple countries of nationality.  *See* ***Boutilier v. INS***, 387 U.S. 118, 123 (1967); ***Groome Res., Ltd. v. Parish of Jefferson***, 234 F.3d 192, 217 (5th Cir. 2000).

***DENIED***
