**Frank Herbert GONZALEZ, Petitioner,**

v.

**Alberto R. GONZALES, U.S. Attorney General, Respondent.**

No. 05–60065.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 27, 2006.

Logan E. Johnson, Vinson & Elkins, Houston, TX, for Petitioner.

Thomas Ward Hussey, Director, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, Ann Cruce Roberts, U.S. Attorney's Office, Lubbock, TX, Caryl G. Thompson, U.S. Immigration & Naturalization Service District Directors Office, New Orleans, LA, Sharon A. Hudson, U.S. Citizenship & Immigration Services, Houston, TX, for Respondent.

Alberto R. Gonzales, U.S. Department of Justice, Washington, DC, pro se.

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM: *

Frank Herbert Gonzalez petitions for review of an order by the Board of Immigration Appeals (BIA), which denied his application for asylum, withholding of removal under the Immigration and Nationality Act (INA), and relief under the Convention Against Torture. Gonzalez argues that he has demonstrated past persecution and a well-founded fear of future persecution based on his real or imputed political opinion. Therefore, he contends that the BIA erred by determining that he was ineligible for asylum.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court will uphold the BIA's finding that an alien is not eligible for asylum if that finding is supported by substantial evidence. *Girma v. INS*, 283 F.3d 664, 666 (5th Cir.2002). Under this standard, the BIA's determination will be affirmed "unless the evidence compels a contrary conclusion." *Carbajal–Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir.1996).

The BIA determined that Gonzalez had not shown that threats from members of the Revolutionary Armed Forces of Colombia (FARC), a Colombian guerilla group, were based on Gonzalez's actual or imputed political opinion. Although Gonzalez asserts that FARC persecuted him due to his political opinion, he did not testify that the FARC members who threatened him in 1979, 1998, 1999, or 2000 knew that he was a member of the Liberal Party. Furthermore, he acknowledged that FARC threatened him in 2000 because he reported its plan to steal gas canisters and use them as bombs. Gonzalez has not shown that the evidence compels a conclusion contrary to that of the BIA. *See Carbajal–Gonzalez,* 78 F.3d at 197.

Gonzalez has not briefed the BIA's denial of his requests for withholding of removal or for relief under the CAT. Therefore, he has waived these claims. *See Rodriguez v. INS*, 9 F.3d 408, 414 n. 15 (5th Cir.1993).

Accordingly, Gonzalez's petition for review is DENIED.