United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 19, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60270
Summary Calendar

_____

NAFISA ALI,

                                        Petitioner,

        versus

ALBERTO R. GONZALES,
U.S. ATTORNEY GENERAL,

                                        Respondent.

_____

Petition for Review of an Order of
the Board of Immigration Appeals

_____

Before GARWOOD, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

        Nafisa Ali, a native and citizen of Pakistan, petitions this
court to review the decision of the Board of Immigration Appeals
(BIA) affirming the Immigration Judge's (IJ) decision denying her
application for withholding or removal and relief under the
Convention Against Torture (CAT).  Ali argues that she demonstrated
past persecution as a result of her activities in a political

_____

        [*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

party. She also argues that the BIA failed to consider new evidence on a motion to remand and that the evidence supports her claim that she suffered persecution.

We conclude from a review of the record that the IJ's and the BIA's determination is supported by substantial evidence, and the record does not compel a conclusion contrary to the IJ's and the BIA's denial of withholding of removal. *See Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004); *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002); 8 C.F.R. § 208.16(b). Ali has not separately briefed her claim for relief under the CAT, and that issue is therefore abandoned. *See Roy*, 389 F.3d at 138; *Rodriguez v. INS*, 9 F.3d 408, 414 n.15 (5th Cir. 1993).

Ali (who has been represented by counsel throughout these proceedings) did not file a motion to remand (or to reopen) before the BIA as required by its rules; she merely included in her BIA brief, as an additional argument in support of her contention that she was entitled to withholding of removal, a reference to assertedly changed circumstances in Pakistan and allegedly supporting news articles and web page postings attached to that brief, most of which well predated the hearing before the IJ and none of which tended to undermine the IJ's findings that she had not suffered past persecution, that it was not likely that she would be persecuted on return to Pakistan (as her only political involvement had been minor and low level and she had not been

2

politically active in any way for over eight years when she was only 20 years old); and that in any event she could avoid any such claimed danger by relocating within Pakistan. All this material was before the BIA and there is nothing to indicate it did not give it such consideration as it deserved. Since there was no motion to remand a separate ruling expressly directed thereto was not required (or ever requested).

The petition for review is

DENIED.