United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60597
Summary Calendar

ELEONORA PONCE GARCIA; ORIANA N. HERNANDEZ PONCE,

Petitioners,

versus

ALBERTO R. GONZALES, U. S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97 186 886
BIA No. A97 186 887
--------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Eleonora Ponce Garcia and her minor child Oriana N. Hernandez Ponce, who are natives and citizens of Venezuela, petition for review of the order of the Board of Immigration Appeals (BIA) dismissing their appeal of the immigration judge's (IJ) decision denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ponce Garcia has abandoned the issue that the IJ erroneously determined that she suffered no past persecution by failing to provide any argument to support her assertion.  See Rodriguez v. INS, 9 F.3d 408, 414 n.15 (5th Cir. 1993).

Ponce Garcia also asserts that the IJ erred in denying her asylum application on the basis that she had not established a well-grounded fear of future persecution.  Given that Ponce Garcia's immediate supervisors at her previous job with the general directorate of education in the Venezuelan state of Miranda also spoke out against the government of Hugo Chavez and have remained unharmed and employed in their prominent state positions, Ponce Garcia has not shown that she possesses a well-grounded fear of future persecution.  See Guevara-Flores v. INS, 786 F.2d 1242, 1249 (5th Cir. 1986).

We uphold the BIA's determination that Ponce Garcia failed to carry her burden of establishing her eligibility for asylum as it is supported by substantial evidence.  See Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 350-51 (5th Cir. 2002).  Because Ponce Garcia does not specifically the challenge the denial of relief insofar as she sought withholding of removal or relief under the CAT, such claims are deemed abandoned.  See Rodriguez, 9 F.3d at 414 n.15.

The petition for review is DENIED.