# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-60549
Summary Calendar

KURE MAIJAMAA KADEH

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 000 437

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Kure Maijamaa Kadeh, a native and citizen of Nigeria, petitions for review of a final order of the Board of Immigration Appeals (BIA) that dismissed his appeal of the Immigration Judge's (IJ) denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Kadeh does not challenge the determination that his asylum application was untimely. He has therefore waived the issue. See Rodriguez v. INS, 9 F.3d 408, 414 n.15 (5th Cir. 1993).

Kadeh contends that he met his burden to establish an entitlement to statutory withholding of removal and to relief under the CAT. Recounting his testimony before the IJ, Kadeh, who is a Christian, notes that he was twice chased from his college campus by Muslims on account of his religious beliefs, and that the church where he formerly worshiped was burned. Kadeh argues that he established past persecution. He asserts that the Nigerian government has willfully failed to put a stop to the persecution of Christians by the Muslim majority. Kadeh argues that he cannot safely relocate within Nigeria because there are Muslims in both the northern and southern parts of the country.

To obtain withholding of removal, an applicant bears the burden of showing a "'clear probability' that he or she will be persecuted if deported." Mikhael v. INS, 115 F.3d 299, 306 (5th Cir. 1997) (citation omitted). A claim under the CAT requires more than a showing of persecution; it imposes "the higher bar of torture." Efe v. Ashcroft, 293 F.3d 899, 906 (5th Cir. 2002).

The record does not compel a finding that Kadeh has met his burden to show that he is entitled to withholding of removal or to relief under the CAT. See Roy v. Ashcroft, 389 F.3d 132, 137-38 (5th Cir. 2004); Bah, 348 F.3d at 351-52. Accordingly, Kadeh's petition for review is denied.

PETITION FOR REVIEW DENIED.