# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-60518
Summary Calendar

YI XING CHEN, also known as Yi Ling Chen, also known as Xing Chen Yi

Petitioner

v.

ERIC H. HOLDER, JR., U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98 499 687

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Yi Xing Chen, a citizen of the People's Republic of China, has petitioned for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial by the immigration judge (IJ) of his application for asylum. Chen contended, before the IJ, that he had a well-founded fear of future persecution because of his conversion while in the United States to the practice of the Christian religion. The IJ found Chen's testimony credible and his fear

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

genuine and, thus, subjectively reasonable. However, the IJ nonetheless determined that Chen's fear of future persecution was not objectively reasonable.

In general, this court reviews only the decisions of the BIA, except where the IJ's findings affect the BIA's decision, in which case the IJ's findings are also reviewed. *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002). "[T]his [c]ourt must affirm the decision if there is no error of law and if reasonable, substantial, and probative evidence on the record, considered as a whole, supports the decision's factual findings." *Moin v. Ashcroft*, 335 F.3d 415, 418 (5th Cir. 2003). Under this standard, "the alien must show that the evidence was so compelling that no reasonable factfinder could conclude against it." *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994); *see* 8 U.S.C. § 1252(b)(4)(B).

We do not have jurisdiction to consider Chen's unexhausted arguments that the IJ erred in denying his motion for change of venue and that the denial of that motion prevented him from calling witnesses to show that he had converted to and was practicing Christianity, rendered his hearing unfair, and caused him to have ineffective assistance of counsel because his counsel did not speak his dialect of the Chinese language. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); *Goonsuwan v. Ashcroft*, 252 F.3d 383, 390 (5th Cir. 2001). Thus, we dismiss his petition with respect to his claims regarding venue.

Chen's remaining arguments are that his application for asylum was supported by substantial evidence and that the BIA erred in deferring to the IJ's factual findings. Specifically, Chen argues that because he is illiterate and a follower of Christ, it is likely that he will end up in an unregistered church in China and therefore that he will be persecuted because of his faith. As Chen has not challenged the denial of his requests for withholding of removal, protection under CAT, and voluntary departure, any such challenge is abandoned. *See Rodriguez v. INS*, 9 F.3d 408, 414 n.15 (5th Cir. 1993).

In a case similar to this case, we concluded that it was not necessary to resolve the debate about which church, registered or unregistered, a Chinese

Christian would attend in China because the evidence did not compel a finding of future persecution in either case. *See Chen v. Gonzales*, 470 F.3d 1131, 1136-38 (5th Cir. 2006). For similar reasons, Chen has not shown in this case "that the evidence was so compelling that no reasonable factfinder could conclude against it." *See Chen,* 470 F.3d at 1136-38; *Chun,* 40 F.3d at 78. Chen's petition for review of his asylum claim is denied.

DISMISSED IN PART; DENIED IN PART.