**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-60892
Summary Calendar

RAMON MOLINA-FERNANDEZ

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A99 520 260

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ramon Molina-Fernandez, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' affirmance of the Immigration Judge's (IJ) denial of his application for asylum. As Molina-Fernandez has not challenged the IJ's denial of his application for withholding of removal, any such challenge is abandoned. *See Rodriguez v. INS*, 9 F.3d 408, 414 n.15 (5th Cir. 1993).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Molina-Fernandez argues that the evidence introduced before the IJ supported a finding that he, as a member of a group of young men acting on behalf of the Catholic church to protect young children from gang influence, was entitled to asylum. He argues that he has been persecuted by gang members in the past and that he has a well-founded fear of future persecution. He asserts that the Honduran government does not take crimes against poor people seriously and that the one policeman in his hometown is not enough to protect him from gang members. He argues that, because he was fired upon by gang members, he established past persecution and because his brother stated that gang members are still looking for him, he established a well-founded fear of future persecution.

With respect to the IJ's reasons for finding that he failed to demonstrate past persecution, Molina-Fernandez makes only conclusory statements that the IJ abused its discretion in concluding that the group he claimed to be a part of was not characterized by an immutable characteristic, that the group he claimed to be a part of did not pre-exist the alleged persecution, and that there was no evidence of actions taken by gang members against anyone else in the group. He also wholly fails to address the IJ's finding that he failed to show a well-founded fear of future persecution because the group no longer exists.

Issues not raised in an alien's petition for review of a decision by the BIA are deemed abandoned. *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Because Molina-Fernandez has failed to either adequately brief or to address a majority of the IJ's reasons for denying his asylum application, we consider any challenge to the merits of those issues abandoned. *See id.* Moreover, as Molina-Fernandez has not shown error with respect to those reasons for the IJ's findings that he failed to show past persecution and a well-founded fear of future persecution, his petition for review is DENIED. *See id.*